IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jerrell Woodard, | Case No. 3:16 CV 2888 |
| Plaintiff, | MEMORANDUM <u>OPINION AND ORDER</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Gary Mohr, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff *pro se* Jerrell Woodard filed this Complaint under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, Security Threat Group Chairman D.J. Norris, and Lebanon Correctional Institution ("LCI") Warden Schweitzer (Doc. 1). Plaintiff alleges Defendants incorrectly identified him as having gang affiliations, raised his security classification, and transferred him to a higher security prison. He seeks monetary damages and immediate transfer to a lower security prison. Woodard also moves for *in forma pauperis* status (Doc. 2); that Motion is granted.

## BACKGROUND

Woodard was incarcerated in LCI on May 2, 2016, when he was called to the Unit Manager's Office. He was told a special gang committee recommended him for a security level increase and immediate transfer. He was taken to segregation until an investigation into his gang status could be completed. Woodard told Schweitzer he had never been affiliated with a gang, nor had he ever received conduct reports suggesting gang affiliation. Woodard contends Schweitzer

advised him the decision was out of his control, and Woodard would be transferred shortly. Woodard asserts the increase in his security classification level and subsequent transfer to the Toledo Correctional Institution ("TCI") violated his constitutional rights. He also raises state law tort claims for defamation and intentional infliction of emotional distress.

## DISCUSSION

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id*. at 327. An action has no arguable factual basis when the allegations are "delusional" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As an initial matter, the Northern District of Ohio is not the proper venue for this action. A civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the state in which the court is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b).

In this case, the LCI and the ODRC are located within the Southern District of Ohio, and the events underlying this Complaint occurred in the Southern District of Ohio. Thus, the Southern District of Ohio is the proper venue for this action. An improperly venued action must be dismissed

unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). For the reasons stated below, this Court finds it would not be in the interest of justice to transfer this matter to the Southern District of Ohio, as it must be dismissed under 28 U.S.C. § 1915(e).

Woodard's only discernable claim arising under federal law is that the increase in his security classification and transfer to another prison violated his constitutional rights. Prisoners have no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, 1997 WL 809982, at *1–2 (6th Cir. 1997). Under very limited circumstances, an increase in security classification may trigger due process protections. Prisoners have narrower liberty interests than other citizens as "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks omitted). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Therefore, unless the placement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the prisoner will have no constitutionally protected liberty interest impacted by the transfer. *Sandin*, 515 U.S. at 484.

Such a protected liberty interest generally will not be found unless placement in a segregated environment is accompanied by a withdrawal of good time credits, or is for a significant period of time. *Id.* Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement is considered to be "within the range of confinement normally expected." *Sandin*, 515 U.S. at 487.

Similarly, the Sixth Circuit has held a prisoner's designation as a member of a security threat group did not give rise to a protected liberty interest. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005).

In this case, Woodard's security classification was increased, and he was transferred to TCI pending investigation into his gang affiliation status. Woodard alleges no facts suggesting this placement imposed an unusually severe hardship. He therefore fails to state a constitutional claim.

Woodard's other claims for defamation and intentional infliction of emotional distress arise, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). This Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where federal law claims are dismissed before trial, state law claims often should also be dismissed, as well. *See id.* Having dismissed Woodard's federal law claims, this Court declines to exercise jurisdiction over his state law claims.

## CONCLUSION

This action is dismissed under 28 U.S.C. § 1915(e). This Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 28, 2017